# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2800

_____

United States of America,                            *
                                                     *
                    Appellee,                        *
                                                     *   Appeal from the United States
            v.                                       *   District Court for the
                                                     *   Western District of Missouri.
Celso Gomez-Elias,                                   *
                                                     *    [UNPUBLISHED]
                    Appellant.                       *

_____

Submitted: January 14, 2011
Filed: February 11, 2011

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Celso Gomez-Elias appeals from his sentence of 24 months imprisonment imposed after his conviction for illegal reentry. See 8 U.S.C. § 1326. He contends the district court[1] committed procedural error by basing its sentencing calculation on the erroneous fact that Gomez-Elias's prior sentence for illegal reentry was 18 months imprisonment. We affirm.

_____

[1]The Honorable Greg Kays, United States District Judge for the Western District of Missouri.

In 2006, Gomez-Elias was convicted of illegal reentry in violation of 8 U.S.C. § 1326 and sentenced to 18 months imprisonment. This court vacated the sentence, and on remand, Gomez-Elias was sentenced to a term of time served, which was 11 months and 3 days, and 3 years of supervised release.

In 2010, Gomez-Elias was again convicted of illegal reentry under 8 U.S.C. § 1326. At the sentencing hearing, the district court calculated an advisory Sentencing Guidelines range of 10 to 16 months imprisonment. After discussing the 18 U.S.C. § 3553(a) factors, the district court stated that it intended to vary upward from the Guidelines range. Gomez-Elias's attorney reminded the district court that the 18 month sentence for Gomez-Elias's 2006 reentry conviction had been reduced on appeal. Counsel concluded, "I believe that starting at 18 would be in error, and I'd ask the Court to consider that prior to rendering its sentence." The district court responded, "I understand. I respectfully disagree with you, but I understand your position." The district court then sentenced Gomez-Elias to 24 months imprisonment.

On appeal, Gomez-Elias argues that the district court committed procedural error by basing its sentencing calculation on an erroneous fact. He reasons that the district court's disagreement with his attorney during the sentencing hearing meant that the district court ignored the reduction in his previous sentence. Thus, according to Gomez-Elias, the district court used 18 months as the baseline for calculating the upward variance, rather than the 11 month time-served sentence that he actually received.

A district court abuses its discretion and commits procedural error if it "select[s] a sentence based on clearly erroneous facts." Gall v. United States, 552 U.S. 38, 51 (2007). Because the district court did not base its sentencing calculation on the exact length of Gomez-Elias's previous sentence, however, it could not have based the sentence on a mistake of fact. Instead, the district court determined Gomez-Elias's Guidelines range and from this baseline varied upward based on its consideration of

-2-

the section 3553(a) factors.  The district court generally mentioned Gomez-Elias's previous sentence when discussing how a lenient sentence would have no deterrent effect, but it did not state an intention to impose an incrementally higher sentence.

Moreover, we do not believe that the district court disregarded the reduction in Gomez-Elias's previous sentence.  Although the district court's response to defense counsel's argument was perhaps imprecise, we construe the record as a whole to mean that the court understood the procedural history, including the prior reduction in sentence (which was described at paragraph 27 of the presentence report and reviewed by the court, <u>see</u> S. Tr. 8), but that the court disagreed with counsel's overall "position," <u>see</u> S. Tr. 6-7, that Gomez-Elias should receive leniency.

Accordingly, the judgment of the district court is affirmed.
_____